UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JESSIE J. BARNES,

                  **Plaintiff,**

    v.                                                                   9:11-CV-857

**ALBERT PRACK,** Director, Special Housing Units,
State of New York Department of Correctional Services,
**DAVID A. ROCK,** Superintendent, Upstate Correctional
Facility; **D. UHLER,** Deputy Superintendent of Security,
Upstate Correctional Facility; **C. STICKNEY,** Education
Department Supervisor, Upstate Correctional Facility; **R.
CARON,** Electronics Mechanic, Upstate Correctional
Facility; **M. YADDOW,** Sergeant, Upstate Correctional
Facility; **R. LORDI,** Registered Nurse, Upstate Correctional
Facility; **GOKEY,** Sergeant, Upstate Correctional Facility; **B.
DEROUCHE,** Correction Officer, Upstate Correctional Facility;
**T. BOWMAN,** Correctional Officer, Upstate Correctional
Facility; **R. WINSTON,** Correction Officer, Upstate Correctional
Facility; **K. ST. MARY,** Correction Officer, Upstate Correctional
Facility; **BRIAN FISCHER,** Commissioner of DOCS; **P. COOK,**
Correction Officer, Upstate Correctional Facility,

                  **Defendants.**
_____

**THOMAS J. McAVOY,**
Senior United States District Judge


**DECISION & ORDER**

I.    **INTRODUCTION**

    This pro se action brought pursuant to 42 U.S.C. § 1983 was referred by this Court

to the Hon. Christian F. Hummel, United States Magistrate Judge, for a Report and

Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule N.D.N.Y. 72.3(c).

1

In his September 7, 2012 Report-Recommendation and Order, Magistrate Judge Hummel recommends that defendants' motions to dismiss (Dkt. Nos. 28, 35) be DENIED as to the failure to allege the personal involvement of defendants Prack and Lordi, and GRANTED as to all other defendants and claims.

Magistrate Judge Hummel also ordered that Barnes' motion for leave to file an amended complaint (Dkt. No. 37) be:

GRANTED as to ¶¶ 21-28, 36 and to the extent that it pleads an Eighth Amendment (1) use of force and failure to protect claims against defendants Gokey, Derouche, Bowman, Winson, St. Mary, and Cook, and (2) a deliberate indifference claim against defendant Lordi;

and

DENIED as to all other proposed claims and defendants.

Plaintiff has filed "Objection to . . . Report-Recommendation and Order 9/7/12" in which he challenges certain recommendations and certain parts of Magistrate Judge Hummel's amendment order. See Dkt. No. 55. To the extent the Objection challenges Magistrate Judge Hummel's amendment order, it is treated as an appeal.

## II. STANDARDS OF REVIEW

### a. Objections to Report and Recommendation

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1)(C); see also United States v. Male Juvenile, 121 F.3d 34, 38 (2d

Cir.1997)(The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings.). "[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Machicote v. Ercole, 2011 WL 3809920, at * 2 (S.D.N.Y., Aug. 25, 2011)(citations and interior quotation marks omitted); DiPilato v. 7-Eleven, Inc., 662 F. Supp.2d 333, 340 (S.D.N.Y. 2009)(same). General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error. Farid v. Bouey, 554 F. Supp. 2d 301, 306 n. 2 (N.D.N.Y. 2008); see Frankel v. N.Y.C., 2009 WL 465645 at *2 (S.D.N.Y. Feb. 25, 2009).

After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

### b. Appeal of Magistrate Judge Order

A district court judge reviewing a magistrate judge's non-dispositive pretrial order may not modify or set aside any part of that order unless it is clearly erroneous or contrary to law. Labarge v. Chase Manhattan Bank, N.A., 1997 WL 583122, at * 1 (N.D.N.Y. Sept. 3, 1997) (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); N.D.N.Y. Local Rule 72.1(b)); see also Mathias v. Jacobs, 167 F. Supp.2d 606, 621-23 (S.D.N.Y. 2001). Findings are clearly erroneous when the reviewing court is firmly convinced the lower court

decided an issue in error. <u>Lanzo v. N.Y.C.</u>, 1999 WL 1007346, *2-3 (E.D.N.Y. Sept. 21, 1999). This standard imposes a heavy burden on the objecting party, and only permits reversal where the district court determines that the magistrate judge "abused his broad discretion over resolution of discovery matters." <u>Labarge</u>, 1997 WL 583122 at * 1; <u>see</u> <u>Mathias</u>, 167 F. Supp.2d at 621-23; <u>see also</u> <u>Lanzo</u>, 1999 WL 1007346 *3.

## III. DISCUSSION

### a. Report and Recommendation

Plaintiff's objections to the recommendations are little more than cursory statements saying he objects to the conclusions because they were reached in error. However, Plaintiff has failed to demonstrate that any of Magistrate Judge Hummel's conclusions were erroneous. Therefore, the Court accepts and adopts Magistrate Judge Hummel's recommendations for the reasons stated in his thorough report.

### b. Appeal of Magistrate Judge Order

To the extent Plaintiff appeals from that much of the Report-Recommendation and Order that determined the issue of amendment of the complaint, the Court finds no error or abuse of discretion by Magistrate Judge Hummel. Accordingly, the appeal is rejected and Magistrate Judge Hummel's Order is affirmed.

## IV. CONCLUSION

For the reasons discussed above, the Court accepts and adopts Magistrate Judge Hummel's recommendations for the reasons stated in his report. Accordingly, defendants' motions to dismiss (Dkt. Nos. 28, 35) are DENIED as to the failure to allege the personal involvement of defendants Prack and Lordi, and GRANTED as to all other defendants and

claims.

To the extent Plaintiff appeals from that much of the Report-Recommendation and Order that determined the issue of amendment of the complaint, the appeal is rejected and Magistrate Judge Hummel's amendment order is affirmed.

**IT IS SO ORDERED.**

**Dated:** March 15, 2013

Thomas J. McAvoy
Senior, U.S. District Judge